## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DARRELL A. WAGNER**                    **CIVIL ACTION NO.**

**VERSUS**                              **SECTION**

**BOH BROS. CONSTRUCTION
CO., L.L.C.**                            **MAGISTRATE**

### COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Darrell A. Wagner ("Plaintiff" or "Mr. Wagner"), through undersigned counsel, and files this complaint to obtain full and complete relief and to redress the unlawful employment practices suffered by him as described herein.

### I. PRELIMINARY STATEMENT

1.    This action for employment discrimination seeks declaratory, injunctive and equitable relief, back pay, reinstatement (or in lieu thereof, front pay), compensatory damages, punitive damages, attorney's fees, prejudgment interest, and costs for discrimination, harassment, and hostile work environment based on race and retaliation, against Boh Bros. Construction Co., L.L.C., in its treatment of Darrell Wagner, including terminating his employment.

-1-

## II. JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1981. This Court has jurisdiction pursuant to
      28 U.S.C. § 1331 because the actions arise under the laws of the United States.

3.    Declaratory, injunctive, and equitable relief is sought pursuant to 42 U.S.C. 2000e-5(g).

## III. VENUE

4.    This action properly lies in the Eastern District of Louisiana because the discrimination and
      retaliation occurred while Mr. Wagner was employed by Defendant in New Orleans,
      Louisiana. Further, Mr. Wagner was terminated from his employment with Defendant while
      he was employed in Defendant's New Orleans, Louisiana location.

## IV. PARTIES

5.    Plaintiff, Mr. Wagner, is a person of the full age of majority and is a resident of the Eastern
      District of Louisiana.

6.    Boh Bros. Construction Co., L.L.C. (hereafter referred to as "Boh Bros.") is a Louisiana
      Limited Liability Company registered in Baton Rouge, LA and doing business in the Eastern
      District of Louisiana.

## V. FACTS

7.    Mr. Wagner is African American.

8.    Mr. Wagner began his employment with Boh Bros. in New Orleans on September 10, 2006
      as a Carpenter/Laborer.

9.    Mr. Wagner resigned from his position in New Orleans after nine months and in 2007 began
      working at Boh Bros in Baton Rouge.

-2-

10.    While employed by Boh Bros. in Baton Rouge, Mr. Wagner was the Safety Technician. The
       Safety Manager was Brian Calloway ("Mr. Calloway").

11.    Also during this time, Mr. Wagner obtained many safety training certifications; such as,
       OSHA training, Army Corp of Engineers training, and training in technology, field safety,
       safety management, etc.

12.    Mr. Wagner resigned from his position at Boh Bros. in Baton Rouge after about a year.

13.    In February 2010, Mr. Wagner applied, over the telephone, for a Safety Technician position
       with Boh Bros. in New Orleans. Mr. Wagner was hired, but when he showed up for the first
       day of work, was given a laborer position.

14.    Anthony Dottie ("Mr. Dottie") is the Personnel Manager.

15.    Mr. Wagner was told to call Boh Bros. regularly to find out if there were safety positions
       available. Mr. Wagner called Boh Bros. twice a week for five months and was told every
       time that there were no safety positions available.

16.    Upon information and belief, Boh Bros. employed 80 to 100 workers to one Safety
       Technician.

17.    In March 2010, while working at the Twin Spans, a Caucasian woman named Heather went
       to the job site and introduced herself as the Safety Technician. Mr. Wagner asked her how
       long had she been in safety at Boh Bros., and she responded "two days."

18.    Mr. Wagner called Joel Prince ("Mr. Prince") and asked him why had he not been made
       aware of a safety position that was filled two days prior.

19.    Mr. Prince told Mr. Wagner that they had been looking to fill that position "for a while."

20.   An hour after the phone call with Mr. Prince, Mr. Dottie came to the job site to see Mr. Wagner. Mr. Dottie asked Mr. Wagner, "why are you calling for a job? You already have one."

21.   Plaintiff alleges that Defendant failed to promote him to the position of Safety Manager due to race discrimination.

22.   Shortly thereafter, Mr. Wagner was transferred from laborer to sandblasting and painting.

23.   Peter Durr ("Mr. Durr") is the yard superintendent.

24.   In April 2011, at a company crawfish boil, Mr. Wagner saw the safety crew. Mr. Wagner noticed that every member of the safety crew was Caucasian.

25.   At least four safety jobs had been filled shortly before the crawfish boil by Caucasians.

26.   Soon afterward, Mr. Durr told Mr. Wagner that Mr. Wagner should be a foreman because the yard only puts out so much money. Mr. Durr said he would talk to Mr. Dottie to see if he could get Mr. Wagner a better paying position.

27.   Mr. Durr never got back to Mr. Wagner about a better paying position.

28.   Mr. Wagner called Robert Boh, one of the owners of Boh Bros., and requested a meeting with Mr. Robert Boh to discuss the unfair treatment he was experiencing.

29.   Robert Boh said that he could not talk with Mr. Wagner, but directed him to speak with John Lapanni ("Mr. Lapanni").

30.   Mr. Wagner met with Mr. Lapanni on May 6, 2011.

31.   Mr. Wagner told Mr. Lapanni he was tired of being treated unfairly. Mr. Lapanni asked Mr. Wagner if he thought he was being treated unfairly because he is black.

-4-

32.   Mr. Wagner said "yes."  Mr. Wagner also said that there are no African American safety technicians.

33.   Mr. Lapanni told Mr. Wagner to give him a couple days to get back with him.

34.   On May 11, 2011, Mr. Wagner called Mr. Lapanni because he had not heard back from him. Mr. Wagner did not receive a return call from Mr. Lapanni.

35.   On May 24, 2011, Mr. Wagner filed a Charge of Discrimination with the E.E.O.C., alleging race discrimination.

36.   The E.E.O.C. mailed the Notice of Charge of Discrimination to Boh Bros. on May 24, 2011. Upon information and belief, Boh Bros. received the Notice on May 26, 2011, which, upon information and belief, was sent to Boh Bros.' executive offices and was received by Mr. Robert Boh.

37.   On May 25, 2011, Mr. Wagner reported to work as scheduled.  He attended a safety meeting that morning and the atmosphere was very tense.

38.   That same day, Mr. Wagner was told he was changing positions from sandblaster/painter to laborer doing work he had never done before.  Mr. Wagner was sent to work in a open area where he could be seen by the foreman, Terry Remedy ("Mr. Remedy") from a distance.  Mr. Remedy watched Mr. Wagner from that point on.

39.   After working a day or so in the open area, Mr. Wagner called Mr. Lapanni and complained that he was being retaliated against.

40.   On May 26, 2011, Plaintiff received a telephone call from Mr. Lapanni.  Mr. Lapanni sounded aggravated and asked "why did you file a Charge, you knew I was going to call

you." Mr. Lapanni went on to say that he was looking at the Charge, saw the date it was signed, and even though he called Mr. Wagner that morning, Mr. Wagner filed the Charge anyway.

41.    On June 3, 2011, at 8:30am, Mr. Wagner was approached by George Butler who said that a safety position had become available and Boh Bros., wished to interview him for the position at 10:00am.

42.    Mr. Dottie and the Safety Manager, Rusty, interviewed Mr. Wagner and asked if he would be willing to go out of town for the position. They also asked Mr. Wagner for a letter of recommendation and proof of his safety certifications.

43.    While working with Mr. Remedy, Mr. Wagner noticed that Mr. Remedy would kick the African American workers in their buttocks with steel toe boots while they were signing the job safety analysis sheet every morning. Mr. Remedy would also grab the shoulders of the African American workers and squeeze them roughly, and, at one time, picked up an African American laborer off the ground and squeezed him in a bear hug.

44.    Mr. Remedy only performed this "horseplay" with the African American workers.

45.    Plaintiff alleges this conduct by Mr. Remedy was racially offensive, severe and pervasive, thus creating a racially hostile environment for the African Americans that worked under him and near him.

46.    On June 3, 2011, at 10:30am, Mr. Wagner called Robert Boh and asked that someone in upper management attend the Monday morning safety meeting because he wanted to discuss the unsafe and disrespectful nature of Mr. Remedy's "horseplay" at the safety meeting. Mr.

-6-

Wagner identified himself and spoke respectfully and professionally to Mr. Robert Boh.

47.    At 2:30pm, on June 3rd, Mr. Wagner spoke to Stephen Boh and again asked that someone in upper management attend the Monday meeting. Again, Mr. Wagner identified himself and spoke respectfully and professionally. Stephen Boh said someone would be there.

48.    On June 6, 2011, shortly before the Monday morning safety meeting, Mr. Wagner was terminated by Mr. Dottie. Mr. Dottie, along with a police officer from the Seventh District, told Mr. Wagner his services were no longer needed.

49.    Plaintiff alleges that Boh Management did not want Mr. Wagner to speak at the safety meeting about Mr. Remedy's racially offensive conduct ("horseplay" reserved for African Americans) and instead terminated him at or about 6:30am before he would be able to speak at the safety meeting. Plaintiff alleges that this was motivated by prohibited retaliation.

50.    When Mr. Wagner asked Mr. Dottie the reason for his termination, Mr. Dottie responded, "you should ask the E.E.O.C."

51.    Mr. Wagner alleges that he was terminated, not for misconduct or performance deficiencies, but in retaliation for complaining to Mr. Lapanni about race discrimination and in retaliation for filing a Charge of Discrimination with the E.E.O.C. alleging race discrimination.

52.    Mr. Wagner was not promoted to the Safety Technician position because of race discrimination.

53.    Mr. Wagner was terminated because of race discrimination.

54.    The harassment suffered by Mr. Wagner was based on his race.

55.    The harassment suffered by Mr. Wagner was severe or pervasive, or both.

56. The harassment suffered by Mr. Wagner affected a term, condition, or privilege of his employment.

57. Boh Bros. knew or should have known of the harassment and failed to take remedial action.

58. The acts of Boh Bros. were practiced with malice and/or reckless disregard to Mr. Wagner's federally protected rights.

59. As a direct result of the above acts of Boh Bros., Mr. Wagner has suffered pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation.

## VI. CAUSES OF ACTION

60. By the above acts Boh Bros. has violated 42 U.S.C. § 1981 by terminating Mr. Wagner and subjecting Mr. Wagner to harassment based on his race, and by retaliating against Mr. Wagner.

## VII. PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff prays that this Court:

    a. Declare that the acts and practices of the Company complained of herein are in violation of United States law;

    b. Enjoin and permanently restrain the Company from engaging in such unlawful practices;

    c. Award Plaintiff all earnings he did not receive because of the actions of the Company, including but not limited to back pay, pre-judgment interest, bonuses, pension, and any other lost benefits;

    d. Reinstate Plaintiff to the position he would have occupied but for the Company's

treatment, or in lieu thereof, award Plaintiff front pay.

e.    Award Plaintiff compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation;

f.    Award Plaintiff punitive damages;

g.    Award Plaintiff costs, expert witness fees, and attorney's fees;

h.    Grant Plaintiff any such relief as this Court may deem just and proper.

## VIII. JURY DEMAND

62.    Mr. Wagner demands trial by jury of all issues in this action.

Respectfully Submitted,

_____
JAMES L. ARRUEBARRENA (#22235)
James L. Arruebarrena, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083

And

RACHEL MARTIN-DECKELMANN (#32195)
James L. Arruebarrena, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 212-4166
Facsimile (504) 581-7083

**Attorneys for Darrell A. Wagner**

**PLEASE SERVE:**

BOH BROS. CONSTRUCTION CO., L.L.C.
through its registered agent for service of process

MICHAEL G. CULLEN
12203 AIRLINE HWY
BATON ROUGE, LA 70817