UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRELL A. WAGNER | CIVIL ACTION |
| VERSUS | NO. 11-2030 |
| BOH BROS. CONSTRUCTION CO., LLC | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

In this employment discrimination case brought pursuant to 42 U.S.C. § 1981, plaintiff Darrell A. Wagner alleges that his former employer, Boh Bros. Construction Co., LLC, failed to promote him because of his race, subjected him to a racially hostile work environment and retaliated against him for having complained about race discrimination. Complaint, Record Doc. No. 1. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent of all parties. Record Doc. No. 11.

Defendant filed a motion for summary judgment, seeking dismissal of plaintiff's claims. Record Doc. No. 23. Wagner filed a timely opposition memorandum, in which he opposes only the dismissal of his retaliation claim. He does not oppose the dismissal of his race discrimination and hostile work environment claims. Record Doc. No. 26 at pp. 1-2. Accordingly, IT IS ORDERED that plaintiff's race discrimination and hostile work environment claims are DISMISSED WITH PREJUDICE.

Boh Bros. received leave to file a reply memorandum. Record Doc. Nos. 32, 33, 34. Plaintiff received leave to file an opposition to defendant's reply memorandum. Record Doc. Nos. 36, 40, 41. Oral argument on the motion was conducted on July 3, 2012. For the following reasons, IT IS ORDERED that defendant's motion is DENIED.

Wagner brings his retaliation claims under 42 U.S.C. § 1981. Section 1981 provides causes of action for both discrimination and retaliation. Roberson v. Alltel Info. Servs., 373 F.3d 647, 651, 655 (5th Cir. 2004); Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003). Section 1981 claims are governed by the same standards as Title VII, except that Section 1981 does not require exhaustion of administrative remedies. Jackson v. Wilson Welding Serv., Inc., No. 10-2843, 2012 WL 12807, at *2 & n. 3 (E.D. La. Jan. 4, 2012) (citing Jenkins v. Methodist Hosp. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir. 2007)) (additional citations omitted); Liddell v. Northrop Grumman Shipbldg., Inc., No. 1:06CV801-HSO-JMR, 2011 WL 6781012, at *5 (S.D. Miss. Dec. 27, 2011) (citing Jones v. Robinson Prop. Grp., 427 F.3d 987, 992 (5th Cir. 2005)) (additional citations omitted).

Thus, under Section 1981,

> plaintiff establishes a prima facie case of retaliation by showing [that] (i) he engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal link between the protected activity and the adverse employment action. If the plaintiff successfully presents a prima facie case, the burden shifts to the employer to provide a legitimate, non-retaliatory reason for the adverse employment action. If the defendant

2

presents evidence that supports that it acted properly, the fact-finder must decide whether retaliation was the but-for cause for the employer's action.

Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 657 (5th Cir. 2012) (quotation and citations omitted).

Wagner filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") on Tuesday, May 24, 2011. Boh Bros. received the charge on Thursday, May 26, 2011. Plaintiff has provided competent evidence, including his own deposition testimony, to support his allegations that a foreman subjected him to retaliation on the job after that date and that his termination about one week later on June 3, 2011 was retaliatory.

Wagner asserts that he was assigned more onerous work and was criticized by a foreman for talking on his cell phone during work hours. He testified that he was talking on his cell phone to his own foreman, which was an approved practice for which no one else was disciplined. Plaintiff's Exh. A, Wagner deposition at pp. 281-82, 287-89. Boh Bros. argues that plaintiff cannot establish a prima facie case of retaliation because these acts do not rise to the level of adverse employment actions.

However, "Title VII's antiretaliation provision prohibits any employer action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Thompson v. North Am. Stainless, LP, 131 S. Ct. 863, 868 (2011) (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006)). Under this

standard, assignment to tasks that are more arduous or less prestigious than those that were assigned before the plaintiff engaged in protected activity may constitute adverse employment actions. Material fact issues exist in the instant case whether the allegedly retaliatory acts that occurred on the job meet this standard. See Burlington N., 548 U.S. at 71 (noting that "[r]etaliatory work assignments" are a "classic and widely recognized example of forbidden retaliation;" upholding verdict for plaintiff because of evidence that her new duties after she engaged in protected activity "were by all accounts more arduous and dirtier" and that her prior assignment was more prestigious and "objectively considered a better job") (internal quotations and citation omitted); Donaldson v. CDB Inc., 335 F. App'x 494, 507 (5th Cir. 2009) (evidence that plaintiff's supervisor conducted staff "meeting to 'attack and humiliate' her, and 'intimidate any potential witnesses against'" the supervisor raised material fact issue for trial).

    As to Wagner's allegation that Boh Bros. terminated him in retaliation for having filed a race discrimination charge with the EEOC, defendant concedes solely for purposes of the pending motion that plaintiff can establish a prima facie case of retaliatory termination. Boh Bros. argues that it has proffered a legitimate nonretaliatory reason for its decision and that Wagner cannot carry his ultimate burden to prove that he would not have been terminated but for his protected activity.

    Defendant's evidence shows that Wagner telephoned Robert Boh, the President and Chief Executive Officer of Boh Bros., on the morning of Friday, June 3, 2011, and

4

that Wagner telephoned Robert Boh's brother Stephen Boh, the Vice President of Operations, that afternoon. Regarding the phone call that he received, Robert Boh testified that Wagner refused to identify himself, demanded that someone from the corporate office attend a safety meeting the next Monday at defendant's Almonaster Road facility "'to hear what is going to be said'" at the meeting, and hung up without responding to Boh's questions of "'Who is this and why do you want somebody to come?'" Plaintiff's Exh. D, Robert Boh deposition at p. 15. Robert Boh testified that he recognized plaintiff's voice and that he learned later that day that the second telephone call to his brother was "very similar," except that his brother did not recognize the caller's voice. Id. at pp. 17-18. Robert Boh testified that, based on the "frustrated and urgent and demanding" tone of Wagner's voice in the first phone call, Wagner's refusal to identify himself in the two calls and the content of the calls, Robert Boh interpreted the calls as threatening, which led him to fear for the safety of the employees who would attend the meeting on Monday. Id. at pp. 18-20. Robert Boh decided that afternoon to terminate plaintiff for insubordination and unacceptable conduct, and plaintiff was terminated that day. Robert Boh stated that he did not consider any other information in making his decision. Id. at pp. 23-25.

     Wagner was notified of his termination on Monday, June 6, 2011, when he arrived for work at the Almonaster facility. Anthony Doty, a personnel coordinator for Boh Bros., met Wagner in the parking lot, handed him his final paycheck and told him that

his employment had been terminated and he should leave immediately. Robert Boh had telephoned Doty on Friday afternoon and instructed him to tell Wagner on Monday that his employment was terminated. Robert Boh told Doty to have a police officer present when he met with Wagner. Robert Boh told Doty that Wagner was being terminated based on a conversation between Robert Boh and Wagner, as a result of which Robert Boh was concerned that Wagner would pose a safety concern to other employees if he was permitted into the yard on Monday. By Monday morning, Doty knew that Wagner had a discrimination charge pending with the EEOC. Plaintiff's Exh. C, deposition of Anthony Doty, at pp. 82-88.

Doty testified that, when Wagner asked why he was being fired, Doty responded "that he needed to talk to his EEOC attorney." Id. at p. 102. Doty testified that he made this statement because he understood that Wagner was represented by "an EEOC attorney" at that time, and "I was making him aware that it was best for him to talk to his attorney." Doty said nothing else to Wagner, who left the premises. Id. at pp. 102-03.

The summary judgment record does not establish a set of undisputed material facts on which it can be determined as a matter of law that plaintiff will be unable to prove retaliation. Wagner has produced competent evidence, consisting of his own sworn deposition testimony, that places in dispute Robert Boh's version of their June 3rd telephone conversation. Plaintiff testified that he gave his name to both Robert and Stephen Boh when he called each of them. Wagner denies that he threatened Robert or

6

Stephen Boh and denies that his tone or words could have been construed as threatening. According to Wagner's testimony, his conversations with both men were essentially innocuous and mutually cooperative. Wagner also testified that, after Boh Bros. received his EEOC charge, John Lipani, defendant's general counsel and vice president, had been very angry and had yelled at him about having filed the charge. Thus, plaintiff contends that defendant's proffered reason for his termination is not worthy of belief.

Wagner also disputes Doty's testimony about Doty's response when plaintiff asked why he was being terminated. Wagner testified that Doty responded, "you go talk to the EEOC." Plaintiff's Exh. A, at pp. 325-26. Defendant concedes, solely for purposes of the pending motion, that this is what Doty said, rather than what he testified to having said. Wagner argues that, because Doty did not give him any reason for his termination when asked, an inference can be drawn from Doty's statement that plaintiff's EEOC charge was a motivating factor in defendant's decision. (Although plaintiff argues in his two opposition memoranda that another witness, Glenn Bailey, also heard what Doty said, no such evidence is in the summary judgment record.)

The contradictions between Wagner's testimony and that of Robert Boh regarding material fact issues and the possible inferences to be drawn from the testimony of all witnesses will require "credibility determination, or requires weighing the evidence, both of which are more appropriately done by the trier of fact." Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005) (citations omitted); see also

Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); Hebert v. Rodriguez, 430 F. App'x 253, 255 (5th Cir. 2011) (quotations omitted) ("The determination of a witness's credibility lies at the core of a jury's factfinding function and is not the province of judges."); Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009) (quotation omitted) ("Summary judgment is not appropriate when questions about the credibility of key witnesses loom . . . large . . . ."). These are matters for the jury to determine at trial.

Coupled with the close temporal proximity of Robert Boh's decision to terminate Wagner, only six working days after he learned of plaintiff's EEOC charge, Wagner has proffered enough competent evidence to establish that material fact issues for the jury's resolution are in dispute. "[A]lthough the mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a prima facie case, close timing between the protected activity and adverse employment action may provide evidence of a causal link." Schroeder v. Greater New Orleans Fed. Credit Union, 664 F.3d 1016, 1025 (5th Cir. 2011) (quotation omitted); see also Baumeister v. AIG Global Inv. Corp., 420 F. App'x 351, 356 (5th Cir. 2011) (quoting Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)) (in conjunction with other

evidence, "'very close'" temporal proximity between protected activity "and a subsequent termination may be sufficient evidence of pretext"); <u>Shackelford v. Deloitte & Touche, LLP</u>, 190 F.3d 398, 409 (5th Cir. 1999) ("[T]he combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment.").

For the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment on plaintiff's retaliation claims is **DENIED**.

New Orleans, Louisiana, this ___3rd___ day of July, 2012.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE